# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-15-207-D |
| ) | |
| SEDRICK ELIJAH McCLAIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Letter [Doc. No. 49], which the Court construes as a motion for early termination of supervised release. The government has filed a Response in Opposition to Defendant's Request for Early Termination of Supervised Release [Doc. No. 51].

Defendant is currently serving a three-year term of supervised release that is set to expire on January 23, 2026. Defendant was charged in a three-count indictment with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 1), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). [Doc. No. 1]. Defendant pled guilty to Counts 1 and 2. [Doc. No. 18]. Defendant was sentenced to 102 months of imprisonment as to each count, to run concurrently. [Doc. No. 36, at 2]. The Court imposed a three-year term of supervised release for each count, to run concurrently. *Id.* at 3.

1

In his motion, Defendant states that he has not had a positive urinalysis test in the last year, that he has his own car and apartment, and that he has maintained employment since his release from BOP custody. Defendant also states that he has obtained his CDL Class A license (CDL). However, Defendant asserts that his supervised release makes it difficult to find employment with his CDL because he needs to be on the road for 2-3 weeks at a time, which he is unable to do while on supervised release.

The government opposes Defendant's request. The government verified with the United States Probation Office that it opposes Defendant's request for early termination of supervised release primarily due to the underlying offenses of conviction. However, Defendant's supervising officer noted Defendant's progress while on supervision, to include completing residential treatment and maintaining steady employment. The government also notes that, in addition to the underlying offenses of conviction, Defendant has a "history of domestic abuse, a prior conviction for possession of a controlled substance, and a long history of brushes with the law." [Doc. No. 51, at 2; Doc. No. 27, at ¶¶ 15-28, 66-82].

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Upon consideration of Defendant's motion in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised

release is not warranted at this time. The Court notes that the three-year term of supervised release imposed for Count 1 was mandatory under 21 U.S.C. § 841(b)(1)(C). In his motion, Defendant asserts that his supervised release is making it difficult to find employment with his CDL. However, the Court is confident that Defendant's probation officer will work with Defendant to ensure that the conditions of his supervised release do not impede his progress to reintegrate into the community.

To be sure, the Court is pleased with Defendant's compliance with his supervised-release restrictions and his commitment to maintaining employment. However, in light of all the circumstances, the Court declines to terminate Defendant's term of supervision prematurely.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 49] is **DENIED**.

**IT IS SO ORDERED** this 18th day of September, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge